IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KIM MASON, : |  |
|     Petitioner, : |  |
| : |  |
|     v. : | CIVIL ACTION NO. 89-CV-8563-JMY |
| : |  |
| DONALD T. VAUGHN, *et al.*, : |  |
|     Respondents. : |  |

## **OPINION AND ORDER**

On November 30, 1989, Petitioner Kim Mason filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. On February 5, 1993, Mason filed a motion for dismissal of this matter without prejudice to Mason's right to bring a second petition for *writ of habeas corpus* after he exhausted his state court remedies. (ECF No. 21). On February 22, 1993, this Court granted the motion and dismissed the petition without prejudice. (ECF No. 22).

On September 23, 2021, Mason filed a Motion for Relief, relying on Rule 60 of the Federal Rules of Civil Procedure, as a basis to reopen this matter. (ECF No. 19). Mason alleges that the Commonwealth failed to disclose certain exculpatory evidence, in violation of *Brady v. Maryland,* 373 U.S. 83 (1963). In this context, Rule 60(b) does not provide a basis to reopen the judgment.[1]

Despite the legal citation used by Mason, it is apparent to the Court that he actually intends to file a new habeas petition. Because Mason's prior petition was dismissed without prejudice to his right to file a second petition for writ of habeas corpus, there is no jurisdictional

---

[1] Mason relies primarily on Rule 60(b)(6) as his basis for relief. To demonstrate entitlement to relief under Rule 60(b)(6), Mason must demonstrate "extraordinary circumstances." The eventual exhaustion of state court remedies was not "extraordinary," but rather the anticipated result. Further, Mason seeks to raise new claims through his motion. This is not a proper use of a 60(b) motion. *See Gonzalez v. Crosby,* 545 U.S. 524, 530 (2005) (noting that a 60(b) motion cannot be used to add new grounds for relief).

obstacle to such a petition. Accordingly, the Court construes the pleading as an attempt to file a new petition for writ of habeas corpus.

Accordingly, this  9th  day of November, 2021, upon consideration of Kim Mason's Motion for Relief (ECF No. 23), it is **ORDERED** that:

1. To the extent that Mason is exclusively attempting to reopen the judgment in this matter, that motion is **DENIED**.

2. The Clerk of Court is **DIRECTED** to open a new civil matter, brought as an action filed pursuant to 28 U.S.C. § 2254, using a copy of this Order, and a copy of Mason's Motion for Relief (ECF No. 23). The "Motion for Relief" should be docketed as a "Memorandum in Support of a Petition for Writ of Habeas Corpus" in the new civil action and should be docketed with a filing date of September 23, 2021, since that is the date that the Petition was originally received. This Order should be docketed in both this action and in the new civil action. The new civil action should be assigned in accordance with the Court's procedures.

3. The Clerk of Court is further **DIRECTED** to send Mason a copy of this Order, as well as a copy of the docket for the new civil action.

4. This case shall remain **CLOSED**.

**IT IS SO ORDERED**.

                                        **BY THE COURT:**

                                         /s/ John Milton Younge
                                        **JOHN MILTON YOUNGE, J.**